UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KATHERINE PAGENKOPF,   Case No. 16-cv-877

       Plaintiff,

vs.

OPTIMUM OUTCOMES, INC.

       Defendant.

## VERIFIED COMPLAINT

NOW COMES, Plaintiff, Katherine Pagenkopf, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendant, Optimum Outcomes, Inc. and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the collection attempts of the Defendant.
2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*, and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for the TCPA claims. Injunctive relief is available pursuant to the TCPA.

4. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

5. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is a foreign corporation, with a principal place of business in Illinois. They are subject to personal jurisdiction in Wisconsin, since they conduct business in Wisconsin.

## Parties

6. Plaintiff Katherine Pagenkopf (hereinafter "Ms. Pagenkopf") is a natural person who resides in the City of Milwaukee, County of Milwaukee, State of Wisconsin.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Optimum Outcomes, Inc. (hereinafter "Defendant Optimum Outcomes") is a debt collection company located 2651 Warrenville Road, Suite 500, Downers Grove, IL 60515, with a registered agent of Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

9. Defendant Optimum Outcomes is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

## BACKGROUND

10. Mr. Pagenkopf had a bill with the Medical College of Wisconsin, which was paid in full through her health savings account.

11. The date of service on this bill was May 13, 2015.

12. She received a letter dated May 15, 2016 from Defendant Optimum Outcome, which claimed a right to collect $34.00 from Froedtert Hospital, with a date of service of May 13, 2015.

13. Ms. Pagenkopf only received a bill from the Medical College of Wisconsin, not Froedtert Hospital

14. Upon information and belief, Ms. Pagenkopf believes that any amount owed to Froedtert Hospital was included in the bill that was paid to the Medical College of Wisconsin.

15. On May 18, 2016, Defendant Optimum Outcome called Ms. Pagenkopf in an attempt to collect on the alleged debt.

16. On May 23, 2016, Ms. Pagenkopf sent a fax to Defendant Optimum Outcome, informing them that the "final bill was sent to [her] HRA account which was paid on under Medical College Physicians."

17. She also requested that collection efforts cease and that no calls be made to her at her place of employment, home, or any other number Defendant Optimum Outcome may have for her.

18. On May 24, 2016 and May 31, 2016, Defendant Optimum Outcome again called Ms. Pagenkopf in an attempt to collect on the alleged debt.

19. On May 31, 2016, Ms. Pagenkopf sent another fax requesting that they stop contacting her via phone.

20. However, Defendant Optimum Outcome continued to call her.

21. When either answering the telephone or listening to her voicemail, Ms. Pagenkopf would hear a recorded or artificial voice from Defendant Optimum Outcome.

22. The artificial and/or synthesized voice message instructed the recipient that if they were not the person to whom the call was directed to hang up, but to listen if it was Ms. Pagenkopf.

23. At no time has an actual human left a voicemail for her on behalf of Defendant Optimum Outcome.

*Telephone Consumer Protection Act*

24. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

25. At all times relevant to this complaint, the Defendant Optimum Outcomes has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

*Illegal Auto-Dialed Collection Calls*

26. Within four years immediately preceding the filing of this lawsuit, Defendant Optimum Outcomes and its agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

27. These calls show up on the Plaintiff's cellular telephone's caller ID as from 877-795-9819.

28. Without Plaintiff's prior express consent, Defendant Optimum Outcomes and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect on this debt.

29. Even after Plaintiff informed them that they could not call, Defendant Optimum Outcomes continued to call.

30. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendant never obtained the Plaintiff's prior express consent, and had knowledge that she did not want them to call.

31. Plaintiff did not have any business with Defendant.

32. Plaintiff does not believe that she owes the alleged debt.

33. Plaintiff has never given out her cellular telephone number to Defendant Optimum Outcomes or its collectors.

34. Defendant Optimum Outcomes' repeated autodialed collection calls to Plaintiff's cellular telephone, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. §227 *et seq*.

35. Defendant Optimum Outcomes' repeated autodialed collection calls to Plaintiff's cellular telephone, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

*Summary*

36. All of the above-described collection communications made to Plaintiff by Defendant Optimum Outcomes and other collection employees employed by Defendant Optimum Outcomes, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

37. The Defendant's actions as described herein left the Plaintiff feeling helpless and victimized, as she was unable to stop the persistent and intrusive telephoning by the Defendant.

38. Ms. Pagenkopf felt embarrassed that she was receiving debt collection calls on a debt that was already paid

39. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

40. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

41. Defendant Optimum Outcomes' actions constituted unauthorized use of, and interference with the Plaintiff's cellular telephone service, for which the Plaintiff paid money.

## Count 1 – Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant Optimum Outcomes and its agents constitute numerous and multiple violations of the FDCP including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

44. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from Defendant Optimum Outcomes.

## Count 2 – Violation of the Telephone Consumer Protection Act (14 U.S.C. § 227 et seq.)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Within the four-year period immediately preceding this action, the Defendant Optimum Outcomes made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

47. The acts and or omissions of Defendant Optimum Outcomes at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally,

deceptively, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

48. As a causally-direct and legally proximate results of the above violations of the TCPA and the C.F.R., Defendant Optimum Outcomes at all times material and relevant hereto, as described in this Complaint, cause Plaintiff to sustain damages.

49. Defendant Optimum Outcomes did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

50. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

51. Defendant Optimum Outcomes willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

52. Plaintiff is entitled to injunctive relief prohibiting Defendant Optimum Outcomes from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## Count 3 – Invasion of Privacy by Intrusion Upon Seclusion

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasion of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

55. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customer** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

56. Defendant Optimum Outcomes and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, and calling her cellular telephone, and thereby invaded Plaintiff's privacy.

57. Defendant Optimum Outcomes and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

58. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

59. The conduct of Defendant Optimum Outcomes and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

60. Wisconsin has recognized the right to privacy in Wis. Stat. § 995.50.

61. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendant Optimum Outcomes in an amount to be determined at trial.

## **Trial by Jury**

62. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Pagenkopf prays that this Court will enter judgment against Defendant Optimum Outcomes as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant for the Plaintiff;

B. for an award of statutory damages of $1,000.00 per violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant for the Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendant;

D. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

E. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

F. for an injunction prohibiting Defendant Optimum Outcomes from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

G. for an award of actual and punitive damages from Defendant for the intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

H. for such other and further relief as may be just and proper.

Dated this 7th day of July, 2016.

DeLadurantey Law Office, LLC

s/ Heidi N. Miller

Nathan E. DeLadurantey (WI# 1063937)
Heidi N. Miller (WI# 1087696)
DeLadurantey Law Office, LLC
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 – Fax
Nathan@dela-law.com
Heidi@dela-law.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Katherine Pagenkopf, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Kathy Pagenkopf*
Katherine Pagenkopf